GRANET *vs*. HIS CREDITORS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE PARISH JUDGE PRESIDING.

A mortgage executed after the debtor has sworn to his schedule, and applied for the benefit of the insolvent laws, is invalid as an undisguised attempt to give a preference to this creditor over others, after a sworn declaration of bankruptcy.

This case arises on an opposition to the tableau of distribution, filed by the syndics of the ceding debtor. On the 11th of June, 1837, B. Granet filed his schedule, and took the necessary oath in court, and prayed for the benefit of the insolvent laws.

The district judge, (Hon. Thomas G. Morgan) being a creditor, recused himself, and refused to make the usual order. On the 18th of July, 1837, the judge of the eighth district granted the order staying all proceedings against the person and property of the insolvent, and ordered a meeting of his creditors.

Villeneuve Le Blanc filed his opposition to the tableau made out by the syndics, claiming to be a mortgage creditor, in virtue of a conventional mortgage made and acknowledged by the ceding debtor the 12th of June, 1837, to secure several sums of money due to the mortgagee. This mortgage was executed the day after the mortgagor had declared and sworn to his insolvency in open court.

The judge presiding rejected the mortgage, and refused to allow the rank and privilege claimed, and the opponent appealed.

*Burke*, for the appellant.

The case was submitted without argument.

*Morphy, J.*, delivered the opinion of the court.

Villeneuve Le Blanc, a creditor of the insolvent, is appellant from a judgment of the court below, dismissing his opposition to the tableau of distribution filed by the syndics.

He had claimed to be placed on the tableau as a mortgage creditor. It is difficult to conceive on what ground this appellant, or his counsel, could hope for a reversal of the judgment appealed from. The act of mortgage, under which he claims this preference, was executed on the 12th of June, 1837, for the purpose of securing him against certain endorsements previously given to the insolvent. The latter had, the very day before, presented to the judge of his district his schedule, sworn to according to law, and had tendered a surrender of his property to his creditors. Being a creditor, the judge recused himself, on the score of interest. The order for the acceptance of the surrender, and the meeting of the creditors, was subsequently made by the judge of the eighth district, to wit, on the 18th of July following, and the bilan filed on the 24th.

This mortgage, executed after Granet's sworn declaration of bankruptcy, was an undisguised attempt to give this creditor a preference reprobated by our laws, which consider the property of a debtor as the common pledge of all his creditors. *Louisiana Code, articles* 3323, 3150. But, independent of the presumption of fraud resulting from the time and circumstances in which this mortgage was granted, the record furnishes no evidence of its having been recorded in the office of the recorder of mortgages for the parish of East Baton Rouge, a formality necessary to give it effect against third persons.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.